UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STARELLEN CARTER and
CINNAMON PIERCE,

      Plaintiffs,                          CIVIL ACTION NO. 12-11091

      v.                                     DISTRICT JUDGE DENISE PAGE HOOD

OAKLAND COUNTY PROBATION,      MAGISTRATE JUDGE MARK A. RANDON
DEPARTMENT,

      Defendant.
_____/

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANT'S MOTION TO DISMISS (DKT. NO. 6)**

On March 12, 2012, Plaintiffs Starellen Carter and Cinnamon Pierce[1] filed a *pro se* Complaint against Defendant Oakland County Probation Department (Dkt. No. 1). Before the Court is Defendant's Motion to Dismiss (Dkt. No. 6). Judge Denise Page Hood referred the motion to this Magistrate Judge for a report and recommendation (Dkt. No. 7). Plaintiffs did not file a response to Defendant's motion to dismiss.

---

[1] Cinnamon Pierce is Starellen Carter's minor daughter. Ms. Carter has filed several cases in this Court relating to juvenile delinquency proceedings in Oakland County (Oakland Co. Cir. Ct. Case No. 11-783435 DL) against her daughter, Ms. Pierce. *See* E.D. Mich. Case Nos. 12-11086, 12-11087, 12-11088, 12-11089 and 12-11090. Each of these cases has either been dismissed (12-11087, 12-11089, 12-11090) or this Magistrate Judge has recommended that they be dismissed (12-11086, 12-11088). To the extent that Ms. Carter is litigating this case on behalf of Ms. Pierce, the case should be dismissed. Federal law only permits parties personally or through counsel to conduct cases. *See* 28 U.S.C. §1654: "[i]n all courts of the United States the parties may plead and conduct *their own cases personally* or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." (Emphasis added). This statute does not allow a non-lawyer to represent others. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003) ("parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative") (citation omitted).

## I. BACKGROUND

Plaintiffs' Complaint in this matter consists of two handwritten pages, and reads as follows:

> The Oakland County Probation Dept is responsible for allowing it's (sic) staff member to use her position and authority to corrupt due process submit lies & commit perjury in a court proceeding. When the Oakland County Probation (sic) was contacted about their staff calling a defendant's witnesses and telling them not to show up for the defendant's witness (sic), the Oakland County Probation Dept did nothing to correct the situation. Neither did the Oakland County Probation Dept do anything/correct (sic) the willful and malicious lies of their staff. The Oakland County Probation Dept is guilty of allowing a staff (sic) to corrupt court procedures and allowed (sic) a staff to act under color of law, corrupting due process and violating Constitutional laws and violating both Constitutional and Civil Rights of Plaintiffs

Although the Complaint is captioned as Plaintiffs versus "Oakland County Probation Dept, et al," the Oakland County Probation Department is the only named Defendant in the body of the Complaint (Dkt. 1).

## II. ANALYSIS

**A. Defendant's Motion to Dismiss Should be Granted**

The question presented by Defendant's motion to dismiss is whether the Oakland County Probation Department is amenable to the type of suit filed by Plaintiff. This Court has already held that the answer is no:

> [T]he Court finds that Plaintiff's claims against the Oakland County Probation Department are subject to dismissal because it is not a legal entity subject to suit. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-established that county agencies, departments, and jails are not legal entities amenable to suit under § 1983.

*Murry v. Oakland Co. Probation*, No. , 2009 WL 1259722 *2 (E.D. Mich. Apr. 29, 2009)

(internal citations omitted). As such, Defendant's motion to dismiss should be granted, and Plaintiff's Complaint against the Oakland County Probation Department should be dismissed, with prejudice.

### III. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (Dkt. 6) should be **GRANTED** and Plaintiff's Complaint should be **DISMISSED, WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
Mark A. Randon
United States Magistrate Judge

Dated: October 5, 2012

Certificate of Service

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 5, 2012, by electronic and/or ordinary mail.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5540*